IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES OF AMERICA

v.                                                           CRIMINAL NO. 3:11cr91HTW-LRA

LOVE IRRIGATION, INC.

## DEFERRED PROSECUTION AGREEMENT

Defendant Love Irrigation, Inc. (hereinafter "Love Irrigation" or the "Defendant"), the United States Department of Justice, and the United States Attorney's Office for the Southern District of Mississippi (hereinafter collectively "the United States"), enter into this Deferred Prosecution Agreement (hereinafter "the Agreement").

1. A federal grand jury returned a criminal indictment against Love Irrigation on October 18, 2011, charging the Defendant with:

   a. Conspiracy, in violation of 18 U.S.C. § 371;

   b. Harboring illegal aliens for commercial advantage or private financial gain, in violation of 8 U.S.C. §1324(a)(1)(A)(iii); and

   c. Encouraging illegal aliens to reside in the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv);

Jury trial is currently scheduled in this matter for May 21, 2012.

## ACCEPTANCE OF RESPONSIBILITY

2. Love Irrigation accepts and acknowledges responsibility for its behavior as set forth in the criminal indictment. Love Irrigation agrees the information set forth in the criminal indictment is true and, as more fully addressed in paragraph 7 of this Agreement, Love Irrigation agrees not to contradict such information. Love Irrigation does not endorse, ratify, or condone improper conduct and, as set forth below, will take steps to prevent such conduct from occurring in the future.

## MONETARY PENALTY AND FINE

3. As a result of Love Irrigation's conduct, as set forth in the criminal indictment filed in this case, Love Irrigation offers and agrees to settle and does settle any and all civil and criminal claims assessable by the United States based upon Love Irrigation's actions described in the criminal indictment filed in this case, by voluntarily and immediately paying a total sum of $515,109.67 (the "Total Settlement Amount"), which is divided up as follows:

   a. $390,109.67, which represents a monetary penalty to be paid by the Defendant and includes $220,109.67 already seized by the United States in various bank accounts held or controlled by Love Irrigation and its owners, as well as an additional $170,000.00 in lieu of various items procured by the Defendant or partially paid for with proceeds from its conspiracy to harbor illegal alien employees, including jewelry, stock, investment accounts, real estate and an aircraft; and

   b. $125,000.00 (the "Fine Amount"), which represents the low end of the U.S.

Sentencing Guidelines fine range for Love Irrigation as computed by the parties.

4. Love Irrigation acknowledges that the Total Settlement Amount is a final payment and shall not be refunded: (a) if the United States moves to dismiss the criminal indictment pursuant to this Agreement; or (b) should the United States later determine that Love Irrigation has breached this Agreement and bring a prosecution against Love Irrigation. Further, nothing in this Agreement shall be deemed an agreement by the United States that the Fine Amount is the maximum criminal fine that may be imposed in the event of any such prosecution and the United States shall not be precluded in any such prosecution from arguing that the Court should impose a higher fine. The United States agrees, however, that in the event of a breach of this Agreement and a subsequent prosecution against Love Irrigation, it will recommend to the Court that the Fine Amount paid by Love Irrigation pursuant to this Agreement be credited toward any fine ordered by the Court as part of any judgment.

## COMPLIANCE AND REMEDIAL MEASURES

5. Upon the approval of this Agreement by the Court, Love Irrigation agrees to verify the Social Security numbers of its existing workforce utilizing the Social Security Number Verification System and to submit to an I-9 Form audit by the U.S. Immigration and Customs Enforcement, Homeland Security Investigations ("HSI") directorate, with annual audits by HSI occurring every year thereafter during the term of this Agreement. Thereafter, Love Irrigation agrees to:

   a. Use the U.S. Citizenship and Immigration Services ("USCIS") "E-Verify" system for all hiring;

b.  Establish within 30 days of the execution of this Agreement, after receiving instruction from HSI, an internal training program to instruct employees on how to: properly and legally complete I-9 Forms (Employee Eligibility Verification Forms); detect fraudulent use of documents in the I-9 Form process; and use the E-Verify system;

c.  Require the I-9 Form and E-Verify system process be conducted only by individuals who have received training pursuant to subparagraph (b);

d.  Establish within 30 days of the execution of this Agreement a self-reporting procedure for reporting to HSI, within 24 hours, the discovery or allegations of violations of immigration laws or regulations, provided that the United States will not seek to criminally prosecute Love Irrigation for any acts or conduct disclosed by Love Irrigation to HSI pursuant to this Agreement if Love Irrigation voluntarily, truthfully, completely and timely discloses all information and knowledge that Love Irrigation has with regard to such discoveries or allegations of violations of immigration laws or regulations.

e.  Within 30 days of the execution of this Agreement, designate an employee to serve as Compliance Officer to ensure that employment practices are in accordance with the terms of the USCIS's <u>Handbook for Employers</u>, Love Irrigation's internal training program, and this Agreement;

f.  Establish and maintain safeguards against use of the verification process for unlawful discrimination;

g.  Require contractors employed by Love Irrigation to submit a sworn affidavit,

Page 4 of 12

signed under penalty of perjury, attesting that the contractor has examined identification document(s) relating to its employees and that such identification document(s) appear to be genuine and relate to the employee named and, to the best of the contractor's knowledge, such employee is authorized to work in the United States ;

h. Deliver to HSI within 3 days of the execution of a contract the sworn affidavit required to be submitted to Love Irrigation pursuant to subparagraph g;

i. Upon the execution of this Agreement, begin making copies of identification document(s) required by Form I-9 and submitted by applicants for employment, and retaining such copies during the pendency of this Agreement, irrespective of whether the applicant is ultimately employed by Love Irrigation, and bringing potentially false or fraudulent identification documents to the attention of HSI pursuant to subparagraph d.

## BREACH OF AGREEMENT

6. Should the United States determine that Love Irrigation has committed a breach of any provision of this Agreement, the United States shall provide written notice to Love Irrigation of the alleged breach and provide Love Irrigation with 14 days in which to demonstrate that no breach has occurred, or, to the extent applicable, that the breach is not a willful and knowing material breach or has been cured. The parties hereto expressly understand and agree that should Love Irrigation fail to demonstrate within 14 days that no breach has occurred or that such breach was not a willful or knowing material breach or has been cured, Love Irrigation shall be prosecuted for such breach pursuant to the

terms of this Agreement and at the sole discretion of the United States Attorney's Office for the Southern District of Mississippi.

7. Love Irrigation agrees that it will not, through its present or future retained attorneys, board of directors, managers, executives, agents, officers, employees, or any other representative (including non-retained attorneys) make or adopt any public statement, including statements or positions in litigation in which any United States department or agency is a party, contradicting any information set forth in the criminal indictment filed in this case. Any such contradictory public statement by Love Irrigation, its present or future retained attorneys, board of Directors, managers, executives, agents, officers, employees, or any other representative (including non-retained attorneys) shall constitute a breach of this Agreement pursuant to paragraph 6 of this Agreement, and Love Irrigation thereafter would be subject to prosecution pursuant to the terms of this Agreement. The decision whether Love Irrigation has breached this Agreement based upon any public statement by any person described in this paragraph contradicting any information contained in the criminal indictment filed in this case shall be in the sole discretion of the United States Attorney's Office for the Southern District of Mississippi. Upon the reaching of a determination by the United States Attorney's Office for the Southern District of Mississippi that such a contradictory statement has been made by Love Irrigation, the United States shall so notify Love Irrigation and Love Irrigation may avoid a breach of this Agreement by publicly and explicitly repudiating such statement within 48 hours after notification by the United States.

8. Love Irrigation understands and agrees that the exercise of the United States' discretion

under any provision of this Agreement is not subject to further review in any court or other tribunal outside of the United States Department of Justice.

### DEFERRAL OF PROSECUTION

9. In consideration of Love Irrigation's offer to (i) acknowledge responsibility for its behavior, (ii) continue its cooperation with the United States and other governmental regulatory agencies, (iii) demonstrate its future good conduct and full compliance with the immigration laws and regulations, and (iv) settle any and all civil and criminal assessments against it for the total sum of $515,109.67 pursuant to Paragraph 3, the United States shall recommend to the Court that prosecution of Love Irrigation on the criminal indictment filed in this matter be deferred for a period of 36 months. Love Irrigation shall consent to a motion to be filed by the United States with the Court promptly upon execution of this Agreement, pursuant to 18 U.S.C. § 3161(h)(2), in which the United States will present this Agreement to the Court and move for a continuance of all future criminal proceedings, including trial, for a period of 36 months, for speedy trial exclusion of all time covered by such a continuance, and for approval by the Court of this deferred prosecution. Love Irrigation further agrees to waive and does hereby expressly waive any and all rights to a speedy trial pursuant to the Sixth Amendment of the United States Constitution, Title 18, United States Code, Section 3161, Federal Rule of Criminal Procedure 48(b), and any applicable Local Rules of the United States District Court for the Southern District of Mississippi for the period that this Agreement is in effect.

10. Love Irrigation and the United States understand that the Agreement to defer prosecution of Love Irrigation must be approved by the Court, in accordance with 18 U.S.C. §

3161(h)(2). Should the Court decline to approve this Agreement for any reason, both the United States and Love Irrigation are released from any obligation imposed upon them by this Agreement, and this Agreement shall be null and void.

11. The United States agrees that if Love Irrigation is in full compliance with all of its obligations under this Agreement, the United States, within thirty (30) days of the expiration of 36 months from the date of this Agreement, will seek dismissal with prejudice of the criminal indictment filed against Love Irrigation pursuant to Paragraph 1. Upon such dismissal, this Agreement shall expire. The expiration of this Agreement does not relieve Love Irrigation of the responsibility of complying with all applicable laws and regulations. Forty-five (45) days before the expiration of the 36-month period specified above, Love Irrigation shall submit to the United States a written certification that it is in compliance with this Agreement.

## COOPERATION

12. Love Irrigation agrees that it shall provide to the United States and HSI, upon request, any document, electronic data, or other object in Love Irrigation's possession, custody, and/or control concerning immigration issues and/or any matter charged in any and all paragraphs of the criminal indictment filed in this case.

13. Nothing in this Agreement shall require Love Irrigation to waive any of the protections of the attorney-client privilege, attorney work-product doctrine or any other applicable privilege.

14. It is further understood that should the United States, in its sole discretion, determine that Love Irrigation has given deliberately false, incomplete, or misleading information under

this Agreement, has committed any federal crimes subsequent to the date of this Agreement, or has committed a breach of any provision of this Agreement, this Deferred Prosecution Agreement shall become null and void and Love Irrigation shall, in the United States's sole discretion, thereafter be subject to prosecution for all applicable federal criminal violations. Any such prosecutions may be premised on information provided by or on behalf of Love Irrigation. Moreover, with respect to any prosecutions relating to the immigration violations that are not time-barred by the applicable statute of limitations on the date of this Agreement, Love Irrigation agrees that the applicable statute of limitation period for any such prosecutions shall be tolled for a period of time equal to the term of this Agreement, so that such prosecutions may be commenced against Love Irrigation in accordance with this Agreement, notwithstanding the expiration of the statute of limitations between the date of the signing of this Agreement and the date of the expiration of this Agreement. Love Irrigation's tolling of the statute of limitations is knowing and voluntary and in express reliance on the advice of retained counsel.

15. It is further agreed that in the event that the United States, in its sole discretion, determines that Love Irrigation has committed a breach of any provision of this Agreement: (a) Love Irrigation will not contest the admissibility into evidence or contradict the contents of the information contained in the criminal indictment filed in this case; (b) all statements made by or on behalf of Love Irrigation, or any testimony given by Love Irrigation or its present or future retained attorneys, board of directors, managers, executives, agents, officers, employees, or any other representative (including non-retained attorneys) before a grand jury or elsewhere, and any leads derived from such

statements and testimony, shall be admissible in evidence in any and all criminal proceedings brought by the United States against Love Irrigation; and (c) Love Irrigation shall not assert any claim under the United States Constitution, Rule 410 of the Federal Rules of Evidence, or any other rule, that statements made by or on behalf of Love Irrigation prior to or subsequent to this Agreement, or any leads therefrom, should be suppressed.

16. It is understood that this Agreement is binding on Love Irrigation and the United States, but specifically does not bind any other federal agencies, or any state or local law enforcement or regulatory authorities, although the United States will bring the cooperation of Love Irrigation and its compliance with its obligations under this Agreement to the attention of federal, state and local law enforcement, regulatory and judicial authorities, if requested by Love Irrigation or its attorneys.

17. Love Irrigation and the United States agree that this Agreement and any exhibits thereto shall be filed unsealed in the United States District Court for the Southern District of Mississippi. The United States will thereafter publicly announce the filing of such documents.

18. Love Irrigation hereby warrants and represents that the Board of Directors of Love Irrigation has duly authorized by unanimous resolution the execution and delivery of this Agreement by Love Irrigation, and that the person signing the Agreement has authority to bind Love Irrigation. Furthermore, the Board of Directors of Love Irrigation hereby expressly acknowledges that: (1) we have read this entire Deferred Prosecution Agreement and all attachments hereto, and the other documents filed in the United States

District Court for the Southern District of Mississippi in conjunction with this Agreement, including the criminal indictment; (2) we have had an opportunity to discuss this Agreement fully and freely with Love Irrigation's retained attorney; (3) we understand each and every one of the terms of this Agreement; (4) we are fully satisfied with the advice and representation provided by Love Irrigation's retained attorney; and (5) we have voluntarily and unanimously approved the execution of this Agreement by Love Irrigation.

19. This Agreement may not be modified except in writing signed by all the parties.

20. This Agreement sets forth all the terms of the Deferred Prosecution Agreement between Love Irrigation and the United States. No promises, agreements, or conditions have been entered into other than those expressly set forth in this Agreement, and none shall be entered into and/or be binding upon Love Irrigation or the United States unless expressly set forth in writing, signed by the United States, Love Irrigation's retained attorney, and a duly authorized representative of Love Irrigation and physically attached to this Agreement. This Agreement supersedes any prior promises, agreements, or conditions between Love Irrigation and the United States.

**END OF DEFERRED PROSECUTION AGREEMENT**

**ON BEHALF OF LOVE IRRIGATION, INC.**

_____        _Barbara Love_     5/01/12
PAUL LOVE                         Barbara Love    DATE
Vice-President, Love Irrigation, Inc.   President
                                  Love Irrigation

COUNSEL FOR LOVE IRRIGATION, INC.

I, _Frank W Trapp_, retained counsel for Love Irrigation, Inc., hereby expressly acknowledge the following: (1) that I have discussed this Agreement with my client; (2) that I have fully explained each of its terms to my client; (3) that I have fully answered each and every question put to me by my client regarding the Agreement; and (4) I believe my client completely understands all fo the Agreement's terms.

_____                         _5/21/12_
FRANK W. TRAPP                                    DATE

**ON BEHALF OF THE GOVERNMENT**

UNITED STATES DEPARTMENT OF JUSTICE

_____                         _5/18/12_
GREGORY K. DAVIS                                  DATE
United States Attorney
Southern District of Mississippi

_____                         _5/21/12_
D. MICHAEL HURST, JR.                             DATE
Assistant United States Attorney
United States Attorney's Office
Southern District of Mississippi